# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT A. MEDFORD, Y22728,  )<br>                              )<br>         **Plaintiff,**          )<br>                              )<br>    vs.                       )<br>                              )<br> C/O SMITH,                   )<br> JOHN DOE,                    )<br> NURSE BARBARA,               )<br> PHILLIP MCLAURIN,            )<br> MIKE RESPORRA,               )<br> C/O FORDSON, and             )<br> JOHN DOE,                    )<br>                              )<br>         **Defendants.**       ) | Case No. 17-cv-243-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Scott Medford, an inmate who is currently incarcerated at Menard Correctional Center, brings this *pro se* action for violations of his constitutional rights under 42 U.S.C. § 1983 that allegedly occurred at St. Clair County Jail ("Jail"). (Doc. 22). Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), six claims were severed from this action, leaving several counts regarding boil orders at the Jail, Plaintiff's need for medication and an initial mental health assessment at the Jail, and Plaintiff's access to the law library, at issue in this case.

This case is now before the Court for a preliminary review of those claims pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the relevant allegations in Plaintiff's Third Amended Complaint, the Court concludes that this action will be referred past the threshold stage.

### **The Third Amended Complaint**

In his Third Amended Complaint (Doc. 22), Plaintiff makes the following allegations.

*A.* *Unsafe Water*

On February 2, 2017, Plaintiff woke to decreased water pressure at 8:00am. (Doc. 22, p. 11). At 9:00am, the detainees were told not to drink the water. *Id.* They asked Nurse Barbara for clean water and were denied. *Id.* C/O Smith "then told the block it was safe to drink the water." *Id.* Smith had been told at roll call that the inmates were not supposed to drink the water. *Id.* Plaintiff then got sick, with stomach pain, headache, and diarrhea for 24 to 48 hours. *Id.* Plaintiff "was losing more fluids and wasn't getting enough water, [and] the medical staff did not answer [Plaintiff's] complaints, knowing [they] couldn't drink the water." *Id.*

2

### B. *Medical Staff Neglect*

St. Clair County medical staff neglected to give Plaintiff medication that he was prescribed in 2010 by Dr. Onmayad prior to his transfer to the Jail. *Id.* When Plaintiff was screened at the Jail at the beginning of his incarceration, he told them he had mental problems and had been prescribed medication for it by Dr. Onmayad. *Id.* "They never gave [Plaintiff his] medication or anything else to help treat [his] mental issues which [Plaintiff] felt got worst [sic] or made [him] feel not right." (Doc. 22, pp. 11-12). It took four months for Plaintiff to get assessed again for his mental health. (Doc. 22, p. 12). Plaintiff submitted multiple captain complaints and sick calls about medical issues to medical staff supervisors and administration. *Id.* Plaintiff "constantly asked nurses for help during med-pass but nothing was done." *Id.* A lack of mental health medication causes Plaintiff "serious mental health harm" and made it unbearable for him to be incarcerated. *Id.*

"They knew about it from day one when 'John Doe' did the screening." *Id.* St. Clair County administration Phillip McLaurin "is avoiding the grievance procedure by not acknowledging the Captain Complaint forms." *Id.*

### C. *Access to Law Library*

Plaintiff was denied access to the law library January 22, 2017 through April 2, 2017. *Id.* "Staff members are also inadequate in their assistance of detainees with respect to preparing meaningful legal documents." *Id.* Mike Resporra and C/O Fordson "refuse to get inmates copies, and inmates also cannot purchase pens at commissary, which makes it difficult for them to complete legal documents." *Id.* There is just one computer for 400 inmates, and it "is always not working." (Doc. 22, pp. 12-13). There are also no books in the law library, and "there is no assistance." (Doc. 22, p. 13). Plaintiff submitted captain complaint forms but received no

response. *Id.* Plaintiff saw Sgt. Nichols not taking the captain complaint forms so that they would not be addressed. *Id.* Despite this, McLaurin "is aware of the library situation." *Id.* This four-month denial of access to the law library "caused [Plaintiff] harm because [he] was fighting [his] criminal case and couldn't adequately fight it. [He] could of [sic] beat it or been able to put up more of a fight and received less time." *Id.*

Plaintiff requests monetary damages from the defendants and an injunction "requiring the grievance procedure to be fixed so inmates can be heard [and] C/O and supervisors can be held accountable for [their] action or inaction." *Id.*

## Discussion

Based on the allegations of the Third Amended Complaint, the Court finds it convenient to modify the previously designated counts in this *pro se* action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Unconstitutional conditions of confinement claim against Smith and Barbara for subjecting Plaintiff to water under a boil order in February 2017.
>
> **Count 2 –** Deliberate indifference to medical needs claim against John Doe and McLaurin for delaying Plaintiff's initial mental health assessment and failing to promptly provide him with prescribed medication.
>
> **Count 3 –** First Amendment denial of access to the courts claim against Resporra, Fordson, and McLaurin for denying Plaintiff access to the law library and other related legal services.

Any claims not addressed herein should be considered dismissed without prejudice from this action. At the outset, the Court notes that it appears that Plaintiff may seek to bring claims against individuals or entities not included in the case caption. Because they were not listed in the case caption or list of defendants, these individuals or entities will not be treated as

4

defendants in this case. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Sgt. Nichols, for example, was mentioned in the Third Amended Complaint but was not included in the case caption or list of defendants.

The Court also notes that Plaintiff failed to include any claims against the second John Doe in his list of defendants, who he claims is a maintenance worker at the Jail. (Doc. 22, p. 4). Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff has included no claims against John Doe, the maintenance worker, he will be dismissed without prejudice from this action.

## Count 1 – Boil Order

The applicable legal standard for Plaintiff's claim depends on his status as a pretrial detainee or prisoner. The Due Process Clause of the Fourteenth Amendment governs the claims of a pretrial detainee, and the Eighth Amendment applies to claims of prisoners. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). Although a convicted prisoner is entitled to freedom from conditions that amount to "cruel and unusual punishment," a pretrial detainee is entitled to be free from conditions that constitute "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Plaintiff, it appears, was a

pretrial detainee during the relevant time period.

There is little practical difference between the standards that are applicable to pretrial detainees and convicted prisoners for claims involving the conditions of confinement. Claims brought under the Fourteenth Amendment are "appropriately analyzed under the Eighth Amendment." *Dart*, 803 F.3d at 310 (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners.")).

A prison official's deliberate indifference to an inmate's health or safety may violate the Eighth Amendment's ban on cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The inmate must allege both an objective and a subjective component of the claim. To satisfy the objective component, the alleged deprivation must be "sufficiently serious"; that is, it must expose the inmate to a "substantial risk of serious harm." *Id.* (internal quotation marks omitted). To satisfy the subjective element, the prison official must have acted with deliberate indifference to the inmate's health or safety; the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. With respect to claims related to contaminated water, "[j]ust as correctional officers cannot deprive inmates of nutritional food, they cannot deprive inmates of drinkable water." *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015).

Given the low standard applicable to threshold review, the Court finds that Plaintiff has satisfied both components of his deliberate indifference conditions of confinement claim based on the boil order at the Jail in February, if only just. As to the objective standard, Plaintiff claims that he was denied drinking water when he asked Nurse Barbara for it at 9:00am the morning of

the boil order. He also claims that C/O Smith later told the inmates the water was safe to drink, despite having been told that the inmates should not drink the water. Plaintiff claims that as a result of this, he got sick, with stomach pain, a headache, and diarrhea that lasted for 24 to 48 hours. In a previous iteration of the complaint, Plaintiff claimed that he received fresh water by 11:00am that morning. *See* (Doc. 1, p. 4).

The Court cannot say at this early stage that Plaintiff was not denied the "minimal civilized measure of life's necessities," creating a substantial risk to his health. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Plaintiff alleges that Smith knowingly told him that contaminated water under a boil order was safe to drink, resulting in him experiencing stomach pain, diarrhea, loss of fluids, and headaches for 24 to 48 hours after drinking it. Taking these allegations as true and giving Plaintiff the benefit of the doubt, the Court finds the objective component satisfied for Count 1 at this early stage.

With respect to the subjective component, Plaintiff claims that Nurse Barbara refused to provide him water when he requested it at 9:00am. Plaintiff received drinking water that same morning, however, so Barbara's refusal to provide Plaintiff with water immediately when he asked for it did not amount to a constitutional deprivation. On the other hand, Plaintiff claims that Smith was aware of the fact that inmates should not have been drinking the water, and told them it was safe to drink regardless. This is sufficient to satisfy the subjective component of Plaintiff's conditions of confinement claim. Count 1 will therefore proceed against Smith and will be dismissed without prejudice as against Nurse Barbara.

## Count 2 – Medical Needs

In order to sufficiently plead a claim for deliberate indifference to serious medical needs, a plaintiff must include facts to show that a specific prison official knew about the plaintiff's

7

serious medical condition, but failed to take steps to mitigate the harm to the plaintiff from that condition. *Farmer v. Brennan*, 511 U.S. at 842. Assuming Plaintiff has satisfied the objective component of this deliberate indifference claim, which is not entirely clear, he has failed to implicate any defendant for deliberate indifference to it.

In his Third Amended Complaint, Plaintiff notes that John Doe is a nurse at the Jail who "did the screening of Plaintiff when he got locked up." (Doc. 22, p. 2). Plaintiff's only other mention of John Doe is when he states that "[t]hey knew about [his mental health issues and prescription therefor] from day one when 'John Doe' did the screening when you get incarcerated." (Doc. 22, p. 12). These allegations are vague and, without more, do not support a claim of deliberate indifference against John Doe. It is unclear who would have been responsible for scheduling a mental health assessment for Plaintiff, or prescribing him the medication he claimed to need. The Court will not assume that these were John Doe's responsibilities, or that he shirked any of his duties, without such an allegation from Plaintiff.

Plaintiff also seeks to implicate McLaurin for deliberate indifference to his medical needs. He relies on the vague allegation that "McLaurin is avoiding the grievance procedure by not acknowledging the captain complaint forms." (Doc. 22, p. 12). This is the same allegation Plaintiff previously made against McLaurin. As noted previously, this allegation does not indicate whether McLaurin knew about Plaintiff's issue in the four months he was left without his prescription. It therefore fails to state a claim for deliberate indifference against McLaurin, particularly because it is well established that "[f]or constitutional violations under § 1983 ... a government official is only liable for his or her own misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. June 5, 2015). "This means that to recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat*

8

*superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

Count 2 will therefore be dismissed without prejudice as against each of the defendants.

### Count 3 – Law Library Access

The Seventh Circuit uses a two-part test when determining whether the conduct of a prison official violates an inmate's right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the inmate must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, the inmate must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994).

A plaintiff must explain "the connection between the alleged denial of access . . . and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Further, "[a]n individual's right to access the courts is satisfied by the appointment of counsel." *U.S. v. Sykes*, 614 F.3d 303, 310 (7th Cir. 2010).

This Court need not decide whether Plaintiff was deprived of access to the law library or

adequate legal assistance at the Jail because the detriment Plaintiff claims to have suffered was in his criminal case, for which he was represented by counsel.[1] *See Illinois v. Medford*, Case No. 16-cf-0115101 (Ill. Cir. Ct. June 27, 2017). Plaintiff therefore appears to have been perfectly capable of litigating his criminal case, by and through counsel. In fact, he entered a guilty plea in the case in late June 2017, well after the four-month period he claims he was deprived of access to the law library. *Id.*

Count 3 will therefore be dismissed without prejudice as against each of the defendants.

## **Pending Motions**

Plaintiff has attached a Motion for Appointment of Counsel (Doc. 22, p. 18) to his Third Amended Complaint, which is hereby **DENIED** without prejudice. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, there is no indication that Plaintiff has made a reasonable attempt to obtain counsel or was effectively precluded from doing so. Therefore, Plaintiff's Motion for Appointment of Counsel will be **DENIED** without prejudice. Future developments in this case may alter the Court's decision. Plaintiff may choose to re-file this motion at a later stage in the litigation in this case or in any of the cases severed from this action.

---

[1] Matters of public record, such as the contents of court records, are judicially noticeable facts. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997).

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **SMITH** and is **DISMISSED** without prejudice as against all other defendants.

**IT IS FURTHER ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **JOHN DOE**, **MCLAURIN**, **BARBARA**, **RESPORRA**, **FORDSON**, and **JOHN DOE** are dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **SMITH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require that the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Third Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: February 13, 2018**

                                             s/J. Phil Gilbert
                                             **U.S. District Judge**